Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel. (212) 867-8165
fax. (212) 867-8139
email sstarr@starrandstarr.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

DANIEL HAWKINS and DD RESTAURANT GROUP, INC.,

      Plaintiffs,

 -against-

CHIP H. ZOEGALL, CENTRICFM SOLUTIONS, INC., PACIFICA CMFM GROUP, LLC, and RIHAM M. FARID a/k/a REI FARID,

      Defendants.

------------------------------------------------------------ x

Case No.: 1:23-cv-4040

## VERIFIED COMPLAINT

Plaintiffs Daniel Hawkins and DD Restaurant Group, Inc., by their attorneys, Starr & Starr PLLC, as and for their verified complaint against defendants Chip H. Zoegall, Centricfm Solutions, Inc., Pacifica Cmfm Group, LLC, and Riham M. Farid a/k/a Rei Farid state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff Daniel Hawkins ("Hawkins") is an individual resident in the State of Texas.

4. Plaintiff DD Restaurant Group, Inc. ("DD Restaurant Group") is a corporation incorporated under the laws of the State of California with its principal place of business in the State of California.

5. Defendant Chip H. Zoegall ("Zoegall") is an individual resident at 22 Bay Drive W., Huntington, New York, 11743-1320.

6. Defendant Centricfm Solutions, Inc. ("Centricfm") is a corporation organized under the laws of the State of New York, and has its principal place of business at 118-35 Queens Blvd., Suite 400, Forest Hills, New York 11375, and engaged in business as "PSI Pacifica Contractors".

7. Defendant Pacifica Cmfm Group, LLC ("Pacifica") is a limited liability company organized under the laws of the State of New York, and has its principal place of business at 118-35 Queens Blvd., Suite 400, Forest Hills, New York 11375. Plaintiffs are informed and believe that Pacifica does business as "Pacifica Contractors".

8. Defendant Riham M. Farid a/k/a Rei Farid ("Farid") is an individual resident at 22 Bay Drive W., Huntington, New York, 11743-1320.

# FACTUAL ALLEGATIONS

A. **The Action in the Northern District of California and Resulting Judgment**

9. Plaintiffs in this actions were the successful plaintiffs in an action (the "California Action") filed on November 7, 2021 against Zoegall and Centricfm in the U.S. District Court for the Northern District of California, captioned as Daniel Hawkins, et al. vs. Chip H. Zoegall, et al. (Case No. 21-CV-08670-MMC).

10. Centricfm is a New York corporation that filed its articles of incorporation with the New York Secretary of State on or about September 25, 2008.

11. Zoegall is the Chief Executive Office (C.E.O.) of Centricfm at an address of 18-35 Queens Blvd, Suite 400, Forest Hills, NY 11375, based upon entity information available for Centricfm on the public inquiry website of the New York Department of State's Division of Corporations.[1]

12. The "Principal Executive Office Address" of Centricfm is 18-35 Queens Blvd, Suite 400, Forest Hills, NY 11375, based upon entity information available for Centricfm on the public inquiry website of the New York Department of State's Division of Corporations.

13. Centricfm was, at all times relevant to the complaint in the California Action, doing business under the official trade name of "PSI Pacifica Contractors", but was commonly referred to as Pacifica Contractors.

14. The California Action arose out of a construction contract, dated as of January 28, 2021, pursuant to which Plaintiffs hired Zoegall and Centricfm to renovate the interior and exterior of Luigi's Pizzeria, located at Pier 39, Building M, in San Francisco, California.

---

[1] URL of https://apps.dos.ny.gov/publicInquiry/EntityDisplay last visited on May 11, 2023.

15. Pier 39 is located at Fisherman's Wharf, which was once an important hub of San Francisco's fishing industry, and is now a dining, shopping and entertainment destination for visitors to the Bay Area, and is an iconic a destination for visitors to San Francisco.

16. On June 15, 2022, an order (the "Summary Judgment Order") was entered in the California Action (ECF No. 48) granting Plaintiffs' motion for partial summary judgment on its Sixth Cause of Action in its complaint in the California Action, which was a claim under § 7031(b) of the California Business & Professions Code for recovery of compensation paid to an unlicensed contractor.

17. Pursuant to the Summary Judgment Order DD Restaurant Group was awarded $850,000 against Centricfm.

18. Subsequently, on December 12, 2022, after a five-day jury trial, a jury issued a jury verdict [ECF No. 90] in favor of Hawkins and against Centricfm in the amount of $437,602.58, based on $338,802.16 of lost profits and $98,800.42 of repair costs.

19. On December 13, 2022, a judgment (the "Judgment") [ECF No. 91] in the total amount of $1,287,602.60 was entered in favor of Plaintiffs and against Centricfm based on the Summary Judgment Order and the jury verdict.

20. Pursuant to 28 U.S.C. § 1961(a), the Judgment is entitled to interest calculated from the date of entry of the judgment on December 13, 2022 at the rate of 4.72% until paid in full, which through May 10, 2023 works out to $24,642.95, with additional interest accruing at the rate of $166.51 per diem thereafter.

21. The Judgment is now final and unappealable.

22. No part of the Judgment has been paid or recovered to date, and the entire amount of the Judgment plus accrued judgment interest remains due.

## B. Judgment Enforcement Efforts in the Eastern District of New York

23. On February 7, 2023, the Judgment was registered with the Clerk of the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1963 and assigned miscellaneous case number 23-mc-00368.

24. On February 8, 2023, Plaintiffs, by their attorneys, Starr & Starr PLLC, caused an information subpoena and restraining notice pursuant to New York Civil Procedure Law & Rules ("CPLR") §§ 5224(b)(5) and 5222, made applicable to the Judgment as registered in this district by F.R.Civ.P. 69, to be served upon TD Bank, N.A. in New York, New York.

25. In response to the restraining notice TD Bank advised that it restrained accounts of Centricfm totaling $1,612.54, which is despite the fact that Zoegall's testimony in his deposition in the California Action was that Centricfm had annual revenue of approximately $2.5 million. It is Plaintiffs' information and belief, based on subsequent examination of Centricfm's TD Bank account records pursuant to a document subpoena, that Centricfm's annual revenue during the relevant period appears to have been considerably higher, in the range of between $3,200,000 and $6,100,000, and was deliberately understated by Zoegall. Furthermore, Zoegall testified in Court at trial in the California Action that Centricfm's bank account had approximately a $200,000 balance.

26. On March 8, 2023, Plaintiffs, by their attorneys, Starr & Starr PLLC, caused a document subpoena pursuant to F.R.Civ.P. 45 to be served upon TD Bank, N.A. in New York, New York, seeking responsive documents for the period January 1, 2017 to the present.

27. On or about April 20, 2023, TD Bank, N.A. produced in excess of 2,320 pages of responsive documents, including signature card and bank account opening information, copies of bank account statements, check copies, wire transfer information and documentation,

and information and documentation regarding other transfer (the "TD Bank Document Production").

28. As a result of the TD Bank Document Production Plaintiffs learned for the first time that: (a) Zoegall transferred and converted millions of dollars from Centricfm's bank account to other entities to attempt to put the money beyond the reach of Plaintiffs, (b) Zoegall created a new entity known as Pacifica Cmfm Group, LLC, a New York limited liability company (previously defined above as "Pacifica") in order to carry on the business of Centricfm in a new entity that would not be liable to Plaintiffs pursuant to the Judgment in the California Action, and (c) Zoegall never respected the corporate separateness of Centricfm and himself and treated the company's bank account like his personal piggy bank, running an astonishing number of personal and non-business related expenses through Centricfm's bank accounts. Each of these matters is addressed in turn below.

### C. Zoegall's Voidable Transfer of Centricfm's Assets

29. Zoegall is the sole shareholder and C.E.O. of Centricfm.

30. Zeogall is the sole shareholding director of Centricfm.

31. At all times relevant to this action Zoegall exercised complete dominion and control over Centricfm.

32. Zoegall used his dominion and control of Centricfm to effect voidable transfers of its assets.

33. Zoegall transferred millions of dollars out of Centricfm's bank accounts rendering it insolvent and unable to satisfy the Judgment as follows:

    a) a transfer totaling $417,000 made to Pacifica on December 28, 2021 by check.

b) Transfers totaling $641,896.32 made to Yieldstreet during the period April 1, 2019 to January 14, 2022.[2]

c) Transfers totaling $140,000 made to Fund That Flip, Inc. doing business as Fund That Flip,[3] which is a retail alternative investment platform, during the period August 12, 2020 to August 1, 2022.

d) Transfers totaling $298,317.74 made to CMG Mortgage during the period May 19, 2017 to March 18, 2020, and since Zoegall testified in his deposition in the California Action that Centricfm owned no real estate, upon information and belief such payments benefitted Zoegall personally in some manner, and were payments on a mortgage for which he is liable, either for his personal residence at 22 Bay Street W, Huntington, New York 11743-1320 or an investment property that he owns.

e) Transfers totaling $153,852 made to The Waldorf School during the period January 1, 2017 to August 18, 2020 in payment of tuition for Zoegall's children to attend the Waldorf School or for charitable gifts to the school.

f) Transfers from Centricfm's bank accounts totaling $82,226.08 in payments to himself (listed on Centricfm's TD Bank's bank statements as "TD BANK PAYMENT TO CHIP H ZOEGALL") during the period January 2, 2019 to February 21, 2023, which transfers to Zoegall were in addition to regular payments made by Centricfm to a payroll service as reflected on Centricfm's bank account statements,

---

[2] Yielstreet touts itself as "[T]he leading platform for private market investing. Yieldstreet empowers investors to grow their wealth outside the stock market by curating private market alternatives from top investment manager. See URL https://www.yieldstreet.com/about/ lasted visited on May 11, 2023.

[3] URL is https://www.fundthatflip.com/ last visited as of May 11, 2023.

g) Transfers totaling $61,539 to Yoga Sweet Yoga, Inc. which is owned by Farid (Zoegall's wife) during the period May 1, 2017 to April 9, 2019.

h) Transfers by online transfer or payment from Centricfm's bank accounts totaling $1,567,680.04 during the period January 4, 2017 through October 25, 2022, inclusive of transfers of $1,254,000 after the commencement of the California Action and during the sixth month period of April 29, 2022 through October 25, 2022, all to unknown payees, which upon information and belief were not for legitimate business purposes of Centricfm.

i) Transfers via payroll service payments to unknown persons, upon information and belief including Zoegall, for inflated payroll payments in 2021 ($497,561.83), and 2022 ($1,154,681.14) as compared to much lower amounts in the four prior years of 2017 ($216,793.74), 2018 ($206,028.19), 2019 ($298,853.89), and 2020 ($176,709.72).

**D.      Zoegall's Creation of Pacifica to Thwart Enforcement of the Judgment**

34.    Pacifica was formed on November 19, 2021, shortly after the California Action was filed on November 7, 2021.

35.    Based on subsequent investigation and due diligence conducted by Plaintiffs, and their attorneys, Starr & Starr PLLC, it has become clear that Zoegall and Centricfm have transferred substantially all of the assets of Centricfm to Pacifica and continue to conduct the business of Centricfm now under the guise of Pacifica as an alleged distinct and separate entity.

36. On November 23, 2021, Zoegall purchased a new domain name (also known as a domain)[4] for Pacifica, www.pacificacmfm.com, and ultimately started using that domain for a website for Pacifica that still identifies his company as Pacifica Contractors and is nearly identical to the former website of Centricfm after the jury verdict.

37. Zoegall essentially copied his existing Centicfm website under the tradename of Pacifica Contractors of www.pacificacontractors.com to a new domain of www.pacificacmfm.com and still refers to the company as "Pacifica Contractors" on both websites. These two websites, although identical in appearance but having different domains, are even hosted on the exact same server (networksolutions.com) and have the same internet protocol or IP address[5] of 173.239.18.173.

38. Centricfm's old domain of www.pacificacontractors.com automatically forwards viewers to Pacifica's website at www.pacificacmfm.com.

39. While Zoegall updated a few contact email addresses on the new Pacifica website of www.pacificacmfm.com, he failed to or mistakenly left the "info" email on the new www.pacificacmfm.com website as info@pacificacontractors.com at the bottom of the home page identical to how it was on Centricfm's previous website of www.pacificacontractors.com.

---

[4] "A domain name (often simply called a domain) is an easy-to-remember name that's associated with a physical IP address on the Internet. It's the unique name that appears after the @ sign in email addresses, and after www. in web addresses. For instance, the domain name example.com might translate to the physical address 198.102.434.8. Other examples of domain names are google.com and wikipedia.org." ." See https://support.google.com/a/answer/2573637?hl=en last visited as of May 25, 2023.

[5] Merriam-Webster's dictionary defines IP address to mean the "numeric address of a computer on the Internet." Techtarget.com defines it as "a unique numerical identifier for every device or network that connects to the internet. Typically assigned by an internet service provider (ISP), an IP address is an online device address used for communicating across the internet. " See definition at techtarget.com. URL is https://www.techtarget.com/whatis/definition/IP-address-Internet-Protocol-Address#:~:text=An%20Internet%20Protocol%20(IP)%20address,for%20communicating%20across%20the%20internet last visited as of May 25, 2023.

40. It is clear that this was a deliberate maneuver by Zoegall to facilitate the seamless transfer of the ongoing business contracts and customers from Centricfm to Pacifica as the two trade names are so similar as to be unlikely to raise concerns with customers that there had been a change in their counterparty. There really was no change except for the change in entity name and "official tradename"[6] everything else remained the same: it was still the same team, operating out of the same location, using the same phone number, using the same website (now with a different domain), engaged in the same line of work, and continuing to work on the same projects.

41. Zoegall attempted to conceal that he was the individual responsible for the purchase of the domain www.pacificacmfm.com by purchasing a "privacy" product from Perfect Privacy, LLC to mask the ownership of the domain. However, as Zoegall initially purchased the domain in his own name there is a record of his involvement. DomainTools' Whois listing history[7] for pacificacmfm.com as of February 23, 2022 shows the registrant email as chzoegall@gmail.com which is Zoegall's email as he testified to that fact in his deposition in the California Action.

42. The address for Pacifica stated on its website (www.pacificacmfm.com) of 18-35 Queens Blvd, Suite 400, Forest Hills, NY 11375, is Centricfm's address.

---

[6] Centricfm was generally referred to both by its employees and third-parties (such as Pier 39) as "Pacifica Contractors" and not as "PSI Pacifica Contractors" although that was its official or legal tradename.

[7] DomtainTools.com offers WhoIs historical information, explaining on its website, "Whois History allows . . . . access to historical Whois records. Since 1995, DomainTools has been tracking the Whois history of millions of domains." See. https://research.domaintools.com/research/whois-history/#:~:text=Whois%20History%20allows%20DomainTools%20members,and%20available%20to%20Subscription%20Members, last visited as of May 25, 2023.

43. The phone number for Pacifica stated on its website (www.pacificacmfm.com) of 888-243-8774 is the same phone number that was used by Centricfm and when you call the number you are still greeted with a recorded message that announces "Thank you for calling Pacifica Contractors…"

44. Indeed, Zoegall failed to update Centricfm's listing with the Better Business Bureau ("BBB").[8] That listing still shows "PSI Pacifica Contractors" which is the trade name of Centricfm. However, the "visit website" link on Centricfm's BBB page links to the old website of www.pacificacontractors.com which now automatically forwards viewers to www.pacificacmfm.com.

45. Beyond that, it clear that the line of business engaged in by Pacifica is identical to that of Centricfm involving commercial construction as the two websites are identical.

46. Furthermore, on December 28, 2021, a check (Check No. 5418) in the amount of $417,000 drawn on Centricfm's TD Bank account ending in #1558 and bearing the notation in the memo portion "Initial Funding", which was signed by Zoegall was paid to Pacifica.

E. **Zoegall Has Disregarded the Corporate Separateness of Centricfm**

47. Zoegall has disregarded the corporate separateness of Centricfm from himself individually and utilized his complete dominion and control of Centricfm to utilize its funds at whim and over an ongoing and extensive period to cover personal, family and non-business-related expenses as follows:

    a) Payments totaling $154,852.00 made to The Waldorf School during the period January 3, 2017 to August 18, 2020 in payment of tuition for

---

[8] See URL https://www.bbb.org/us/ny/forest-hills/profile/residential-general-contractor/psi-pacifica-contractors-0121-87150431 last visited on May 11, 2023.

11

Zoegall's children to attend the Waldorf School or for charitable gifts to the school.

b) ATM cash withdrawals totaling $82,831.58 made during the period January 6, 2017 through November 14, 2022.

c) Payments totaling $63,709.10 made by debit card during the period January 3, 2017 through April 25, 2022 which are clearly for personal, family, and household and non-business reasons, such as home owners association (Bay Hills Property Owners Association), boat marinas / boatyards (Willis Marine), travel and tourism (EgyptAir), family restaurants (Cheesecake Factory, Samurai Hibachi, Thai Villa), clothing (Anthropologie, NordsromRack, Dicks Sporting Goods, Macy's, Marshal's), grocery store (WholeFoods), drugstore / health beauty (TheHonestCompany, RiteAid, Walgreens), party supplies (PartyCity).

d) Payments totaling $81,943.22 made during the period January 9, 2017 to November 23, 2022 to medical and dental providers, including a cosmetic dentist, pediatric dentist and doctors.

e) automobile payments, which appear to cover auto loan or lease payments on at least four vehicles (while Zoegall testified in his deposition in the California Action that Centricfm only owned two vehicles) totaling $132,788.85 during the period February 7, 2017 through January 27, 2023 to Chrysler Capital, VCFS [Volvo Car Financial Services] Auto Loan, Chase Automotive, Honda, Nissan of Westbury, Zambrano Auto Repair, Kaans Car Repair, and Imperial Oil Lube.

    f) Payments totaling $61,539 to Yoga Sweet Yoga, Inc. which is owned by Farid (Zoegall's wife) during the period May 1, 2017 to April 9, 2019.

**FIRST CLAIM FOR RELIEF**
(Recovery of voidable transfer as to present or future creditor pursuant
to New York Debtor and Creditors Law § 273 as to all Defendants)

  48. To the extent applicable, Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 47 of this Complaint as if set forth fully herein.

  49. Plaintiffs have identified one or more transfers (each a "<u>Transfer</u>" and collectively, the "<u>Transfers</u>") in paragraphs 1 through 47 of this Complaint.

  50. The Transfers constitute voidable transfers in violation of New York Debtor and Creditor Law § 273 as they were made with actual intent to hinder, delay or defraud Plaintiffs as creditors of Centricfm having claims that arose before or after the Transfers were made, or as such Transfers were made without receiving a reasonably equivalent value in exchange for such Transfers, and Centricfm was engaged or was about to engage in a business for which its remaining assets of the debtor were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due.

  51. The intent referred to in the previous paragraph is established in this case due to one or more of the following: (a) one or more of the Transfers were to an insider of Centricfm; (b) the Transfers were concealed; (c) before one or more of the Transfers was made Centricfm has been sued or threatened with suit from Plaintiffs; (d) the Transfers were of substantially all of Centricfm's assets; (e) Centricfm did not receive reasonably equivalent value in exchange for the Transfers; or (f) Centricfm was insolvent or became insolvent shortly after the Transfers were made.

52. By reason of the foregoing, Plaintiffs are entitled to a judgment avoiding the Transfers pursuant to New York Debtor and Creditor Law Section § 273 in no event less than $1,287,602.60, plus interest costs and disbursements.

**SECOND CLAIM FOR RELIEF**
(Recovery of voidable transfer as to present creditors pursuant to
New York Debtor and Creditors Law § 274 as to all Defendants)

53. To the extent applicable, Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 52 of this Complaint as if set forth fully herein.

54. With respect to one or more Transfers identified in this Complaint, Plaintiffs are creditors of Centricfm whose claims arose before the date of such Transfers,

55. The Transfers constitute voidable transfers in violation of New York Debtor and Creditor Law § 274 as Centricfm made the Transfers without receiving a reasonably equivalent value in exchange for the Transfers and Centricfm was insolvent at that time or became insolvent as a result of the Transfers.

56. By reason of the foregoing, Plaintiffs are entitled to a judgment avoiding the Transfers pursuant to New York Debtor and Creditor Law Section §§273 in no event less than $1,287,602.60, plus interest costs and disbursements.

**THIRD CLAIM FOR RELIEF**
(Recovery of reasonable attorneys' fees pursuant to
New York Debtor and Creditors Law § 276-a as to all Defendants)

57. To the extent applicable, Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 56 of this Complaint as if set forth fully herein.

58. Pursuant New York Debtor and Creditors Law § 276-a Plaintiffs are entitled to recovery of their reasonable attorneys' fees incurred with respect to any judgment awarded to them pursuant to New York Debtor and Creditors Law §§ 273 or 274.

59. By reason of the foregoing, Plaintiffs are entitled to a judgment awarding them recovery of their reasonable attorneys' fees incurred with respect to any judgment awarded to them pursuant to New York Debtor and Creditors Law §§ 273 or 274.

**FOURTH CLAIM FOR RELIEF**
(Piercing the corporate veil as to defendant Chip Zoegall

60. To the extent applicable, Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 59 of this Complaint as if set forth fully herein.

61. Zoegall as sole owner of Centricfm has exercised complete domination and control of Centricfm, has disregarded the corporate form and used Centricfm's accounts to pay personal and family expenses, and has used Centricfm to commit a fraud or wrong against Plaintiffs by transferring its assets to accounts that are not owned by Centricfm, and by transferring its assets and business to Pacifica.

62. The corporate veil of Centricfm should be pierced such that Zoegall is determined to be liable to Plaintiffs for Centricfm's obligations to Plaintiffs.

63. By reason of the foregoing, Plaintiffs are entitled to a judgment against Zoegall in no event less than $1,287,602.60, plus interest costs and disbursements.

**FIFTH CLAIM FOR RELIEF**
(Mere continuation doctrine to defendant Pacifica Cmfm Group, LLC)

64. To the extent applicable, Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 63 of this Complaint as if set forth fully herein.

65. Under the mere continuation doctrine Pacifica has successor liability to Centricfm as a result of having acquired Centricfm's business location, employees, phone number, website (albeit with a new domain), management and goodwill and should be held liable to Plaintiffs for Centricfm's obligations to Plaintiffs.

66. By reason of the foregoing, Plaintiffs are entitled to a judgment against Zoegall in no event less than $1,287,602.60, plus interest costs and disbursements.

**SIXTH CLAIM FOR RELIEF**
(New York Business Corporations Law § 719 unlawful corporate dividend or distribution by Centricfm as a New York corporation at a time it was insolvent against Zoegall)

67. To the extent applicable, Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 66 of this Complaint as if set forth fully herein.

68. Zoegall is the sole shareholder and director of Centricfm.

69. To the extent that one or more of the Transfers alleged in this Complaint constituted dividends of Centricfm such dividends were unlawful pursuant to New York Business Corporations Law § 719 with the result that Zoegall should be held liable to Centricfm for such dividends for the benefit of Plaintiffs.

70. By reason of the foregoing, Plaintiffs are entitled to a judgment against Zoegall in favor of Centricfm for the benefit of Plaintiffs in the amount of any unlawful dividends.

**WHEREFORE**, Plaintiffs request that the Court enter judgment based on the foregoing:

1. On the first claim for relief for recovery of voidable transfers as to present or future creditor pursuant to New York Debtor and Creditors Law § 273 as to all Defendants a judgment in no event less than $1,287,602.60, plus interest costs and disbursements.

2. On the second claim for relief for recovery of voidable transfers as to present creditors pursuant to New York Debtor and Creditors Law § 274 as to all Defendants a judgment in no event less than $1,287,602.60, plus interest costs and disbursements.

3. On the third claim for relief for recovery of reasonable attorneys' fees pursuant to New York Debtor and Creditors Law § 276-a as to all Defendants a judgment in no event less than $1,287,602.60, plus interest costs and disbursements.

4. On the fourth claim for relief for piercing the corporate veil as to defendant Chip Zoegall a judgment against Zoegall in no event less than $1,287,602.60, plus interest costs and disbursements.

5. On the fifth claim for relief for mere continuation doctrine to defendant Pacifica Cmfm Group, LLC a judgment against Pacifica in no event less than $1,287,602.60, plus interest costs and disbursements.

6. On the sixth claim for relief for pursuant to New York Business Corporations Law § 719 for unlawful corporate dividend or distribution by Centricfm as a New York corporation at a time it was insolvent a judgment against Zoegall in favor of Centricfm for the benefit of Plaintiffs to the extent of any such corporate dividend or distribution.

7. Awarding the Plaintiffs such other and further relief as the Court may deem just and proper.

[SPACE BELOW INTENTIONALLY LEFT BLANK --
CONTINUED ON NEXT PAGE]

Dated: New York, New York
      May 31, 2023

                              STARR & STARR, PLLC

                              By: /s/ Stephen Z. Starr
                                  Stephen Z. Starr
                                  Vildan E. Starr
                              260 Madison Ave., 17th Floor
                              New York, New York 10016
                              tel.: (212) 867-8165
                              fax.: (212) 867-8139
                              email: sstarr@starrandstar.com
                              *Attorneys for Plaintiffs*

# VERIFICATION

I, DANIEL HAWKINS, declare as follows:

1. I am one of the named Plaintiffs in the foregoing complaint against Chip H. Zoegall, Centricfm Solutions, Inc., Pacifica Cmfm Group, LLC, and Riham M. Farid a/k/a Rei Farid (the "Complaint").

2. I am the President and C.E.O. of DD Restaurant Group, Inc., which is another of the named Plaintiffs in the Complaint, and authorized to execute this verification on its behalf.

3. I have read the Complaint and know the contents thereof. The factual allegations contained in the Complaint are true to my own knowledge, except as to any factual allegations stated upon information and belief and as to any factual allegation stated upon information and believe I believe them to be true.

4. The basis of my beliefs is my personal knowledge, and to the extent that any documents are referred to in the Complaint a review of such documents.

I declare under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing is true and correct.

Signed at Prosper, Texas on May 31, 2023.

By: _____
Daniel Hawkins

[Pursuant to 28 U.S.C. § 1746 and EDNY Local Civil Rule 1.10, an unsworn declaration under penalty of perjury may be used in lieu of a sworn affidavit]