UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DANIEL HAWKINS *et al.*,

        *Plaintiffs*,

  -against-

CHIP H. ZOEGALL *et al.*,

        *Defendants*.
-------------------------------------------------------------X

**ORDER**

23-CV-04040 (KAM) (JMW)

**WICKS,** Magistrate Judge:

    Daniel Hawkins and DD Restaurant Group (collectively, "Plaintiffs") commenced this action against Chip H. Zoegall, Cetricfm Solutions, Inc., Pacifica Cmfm Group, LLC, and Riham M. Farid a/k/a/ Rei Farid (collectively, "Defendants") seeking to enforce a previously entered judgment against Defendants and hold Defendants liable for various acts taken to thwart Plaintiffs from successfully entering a judgment in this Court. (*See generally* ECF No. 1.) Before the Court is counsel Vildan Erturk Starr and Stephen Z. Starr ("Starr Counsel") motion to withdraw as counsel[1] for Plaintiffs on grounds of breakdown of attorney-client relationship—mainly due to cessation of communication from counsel—and failure to pay legal fees. (*See* ECF No. 110 at p. 2.) Counsel for Plaintiffs also asserts a charging lien pursuant to N.Y. Judiciary Law § 475. (*See id.* at p. 4.) Jeb Singer, also counsel for Plaintiffs, filed the sole objection,[2] noting that Plaintiffs do not oppose the motion "insofar as it simply requests to withdraw as

---

[1] At the time of this motion, Plaintiffs were represented by attorneys Jeb Singer of J. Singer Law Group, and Vildan Erturk Starr and Stephen Z. Starr of Starr & Starr, PLLC. The current motion to withdraw is made by the Starr & Starr attorneys. Jeb Singer will continue representing Plaintiffs in this action.

[2] The parties were afforded an opportunity to oppose by June 18, 2025 and Plaintiffs were served with the pending motion on June 16, 2025. (*See* Electronic Order dated June 12, 2025; ECF No. 112.)

1

counsel of record" but does "vigorously oppose the Motion to the extent that is seeks to impose a charging lien on Plaintiffs." (ECF No. 113 at p. 1.)

For the reasons that follow, Plaintiffs' motion to withdraw (ECF No. 110) is **GRANTED in part** and **DENIED in part** *without prejudice and with leave to renew*.

## DISCUSSION

i.  *Motion to Withdraw as Attorney*

Rule 1.4 of the Local Rules of the United States District courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999).) New York's Rules of Professional Conduct ("NYRPC")[3] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16(b)) and permissive. (*See* NYRPC rule 1.16(c)). The grounds proffered here, breakdown of attorney-client

---

[3] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

2

relationship and failure to pay legal fees (*see* ECF No. 111, Starr Decl. at ¶¶ 11-12), fall squarely within the permissive bucket. *See* NYRPC Rule 1.16(c)(5), (c)(7).[4]

Indeed, a breakdown in attorney-client relationship provides sufficient grounds to grant a motion to withdraw. *Papadatos v. Home Depot U.S.A, Inc.*, No. 21-CV-3208 (WFK) (JMW), 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022); *Lombardo v. JPMorgan Chase Bank, N.A.*, No. 20 CV 6813 (VB), 2024 WL 4707937, at *3 (S.D.N.Y. Nov. 7, 2024) (deteriorated relationship presents "irreconcilable differences" that warrants withdrawal). Additionally, a client's failure to pay attorneys' fees constitutes good cause warranting the attorney to withdraw. *See Winters v. Phountain PH Holdings Corp.*, No. 23-cv-01668, 2024 WL 198381, at *4 (E.D.N.Y. Jan. 18, 2024); *see also Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-CV-4039 (DRH) (WDW), 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) (finding that client's failure to pay legal fees constituted a basis for granting motion to withdraw) (collecting cases).

Here, Starr Counsel notes that Plaintiffs have "ceased all communication" with them and failed to respond to "repeated communications" via "multiple communication channels" since April 18, 2025. (ECF No. 111, Starr Decl. at ¶ 11.) In addition, despite this continued outreach, Plaintiffs retained substitute representation without notifying counsel. (*Id.*) Furthermore, Starr Counsel contends that "Plaintiffs have a substantial outstanding receivable owed to [their] Firm reflecting unpaid legal fees and reimbursement of expenses totaling $68,927.30 through April 24,

---

[4] Permissive withdrawal is warranted where "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." NYRPC Rule 1.16(c)(5); *see Daddio v. Kerik*, No. 15-cv-5497 (JGK) (RLE), 2017 WL 2984018, at *3 (S.D.N.Y. June 6, 2017), *report and recommendation adopted*, 2017 WL 2983024 (S.D.N.Y. July 12, 2017). Withdrawal based upon an uncooperative client is permitted when "the client . . . renders the representation unreasonably difficult for the lawyer to carry out employment effectively." NYRPC rule 1.16(c)(7); *see Steele v. Bell*, No. 11-CV-9434 (RA), 2012 WL 6641491, at *2 (S.D.N.Y. Dec. 19, 2012) (citing the same).

3

2025 (plus unbilled time and expenses after that date)." (ECF No. 111, Starr Decl. at ¶ 12.) Notwithstanding repeated demands for payment, Plaintiffs have ignored the requests. (*See id.*)

Under these circumstances, withdrawal based on lack of communication leading to a breakdown in attorney-client relationship, in addition to nonpayment of legal fees, is permitted. *See BWP Media USA Inc. v. Rant Inc.*, No. 17-CV-5079 (NSR), 2018 WL 4300530, at *2 (S.D.N.Y. Sept. 10, 2018) ("Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both 'satisfactory' reasons for withdrawal") (collecting cases); *see also White v. Advanced Cardiovascular Diagnostics, PLLC*, No. 22-cv-2587 (AMD) (JMW), 2023 WL 2163777, at *3 (E.D.N.Y. Feb. 22, 2023) (granting motion to withdraw because client failed to pay "substantial sum of money for the services rendered" after the firm "performed substantial work" for defendants); *see also Pagano v. HN & Sons LLC*, No. 22-cv-4897, 2024 WL 4625296, at *1 (E.D.N.Y. Oct. 30, 2024) (demonstrating that counsel's request to withdraw was granted after its clients "ceased all communications with their counsel").

After considering the allegations of breakdown of attorney-client relationship and failure to pay legal fees, coupled with no opposition to the withdrawal portion of Starr Counsel's motion, Starr Counsel has established satisfactory reasons for permissive withdrawal in this matter pursuant to New York Rule of Professional Conduct 1.16(c)(5) and (c)(7). *See Doe v. Holy Bagel*, 2:15-CV-03620 (MKB) (JMW), 2024 WL 4708707, at *3 (E.D.N.Y. Oct. 17, 2024) ("Given the clear breakdown in communication and to whatever attorney-client relationship that may have persisted, and considering the absence of opposition by Defendant Sanchez, withdrawal is appropriate."); *see also United States v. Lawrence Aviation Indus.*, No. CV 06-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("[W]here a client's

4

relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted."). Further, the prejudice resulting from withdrawal is minimal considering Plaintiffs have already retained new counsel, Jeb Singer, prior to outgoing counsel's motion. *See Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC) (KHP), 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023) (granting motion to withdraw where the party has already engaged new counsel). Accordingly, that part of the motion seeking withdrawal from representation of Plaintiffs is granted.

    ii.    <u>*Request for a Charging Lien*</u>

Starr Counsel next asserts a charging lien pursuant to N.Y. Judiciary Law § 475 for $100,000, which consists of: "$68,927.30 in unpaid legal fees and expenses billed through April 24, 2025; and an additional $31,072.70 for anticipated fees and expenses related to: (a) additional fees and expenses incurred after that date; (b) the motion to withdraw; (c) any related proceedings before this Court regarding the lien; (d) proceedings before the Bankruptcy Court to be relieved as counsel in the above-named matters; and (e) seeking relief from the automatic stay in the bankruptcy cases to assert our lien rights in this Court." (ECF No. 109 at p. 3.)

Starr Counsel, however, indicates that it must first seek to be relieved as counsel in the pending Bankruptcy Court cases which all Defendants are currently parties[5] and seek a lift of the current automatic stay in Bankruptcy Court. (*See* ECF No. 111, Starr Decl. at ¶¶ 8, 10 ("Movant would like to defer determination of its charging lien until after it has obtained an appropriate

---

[5] All Defendants in this action are currently involved in bankruptcy proceeding in the U.S. Bankruptcy Court for the Eastern District of New York before the Honorable Louis A. Scarcella. The Trustee is chapter 7 trustee in the bankruptcy proceedings of the two corporate defendants in the current case, in the cases of *In re CentricFM Solutions, Inc.*, No. 23-72184 (LAS) and *Pacifica CMFM Group, LLC*, No. 23-72182 (LAS). Defendant Zoegall is a debtor and debtor-in-possession in the chapter 11 proceeding of *In re Chip H. Zoegall*, No. 24-70681 (LAS).

order from the Bankruptcy Court."). Current counsel for Plaintiffs, Jeb Singer, opposes the request for a charging lien, namely arguing that outgoing counsel has not filed a proper motion[6] for a fee award or for adjudication of a charging lien, thus the dispute is not ripe at this time, and it intends on filing legal malpractice claims against outgoing counsel which would bar any recover for a charging lien. (ECF No. 113 at p. 1.)

"A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action." *Furk v. Boces*, No. 15-cv-6594 (NSR), 2023 U.S. Dist. LEXIS 89475, at *7 (S.D.N.Y. May 22, 2023) (citing *Chadbourne & Parke, LLP v. AB Recur Finans*, 794 N.Y.S.2d 349, 350 (App. Div. 1st Dep't. 2005)).  That is, when a party stands to achieve an affirmative recovery in an action, pursuant to Judiciary Law § 475, outgoing discharged counsel "is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." *Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010)).  Section 475 of the New York Judiciary Law, provides:

> From the commencement of an action . . . the attorney who appears for a party has a lien upon his or her client's cause of action. . . which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination.

N.Y. Judiciary Law Section § 475 (McKinney 1983).

---

[6] In accordance with Local Rule 1.4, an attorney seeking to withdraw must indicate whether they are asserting a retaining or charging lien, not make a formal application separate from their motion to withdraw. *See Jin Zhao v. State Univ. of N.Y.*, 04 CV 210 (KAM) (RML), 2011 WL 3625133, at *3-4 (E.D.N.Y. Apr. 19, 2011) (emphasizing an attorney's entitlement to a charging lien following his withdrawal from representation), *report and recommendation adopted*, 2011 WL 3610717 (E.D.N.Y. Aug. 15, 2011). The Court is unaware of any such requirement as urged by Plaintiffs' current counsel.

"The Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such liens are enforceable in federal courts in accordance with its interpretation by New York courts." *Stair*, 722 F. Supp. at 267 (quotes omitted). A charging lien "attaches to a verdict, . . . settlement, judgment or final order in his or her client's favor" and may be determined and enforced by a court "upon the petition of the client or attorney." *Smith v. Home Depot U.S.A., Inc.*, No. 2:20-cv-4125 (JMA) (LGD), 2024 WL 3851926, at *2 (E.D.N.Y. Aug. 16, 2024) (citing N.Y. Judiciary Law § 475).

A charging lien is distinct from a retaining lien. A retaining lien "is founded upon physical possession, and an attorney may forfeit its retaining lien by voluntarily giving away any of the items to which it may have attached." *Gardner-Alfred v. Federal Reserve Bank of New York*, No. 22-cv-01585 (LJL), 2022 WL 17961594, at *2 (S.D.N.Y. Dec. 27, 2022) (quoting *Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*, 754 N.Y.S.2d 220, 223 (1st Dep't 2002)). That is, upon discharge or withdrawal, outgoing counsel has as a matter of law a possessory lien over client files to secure outstanding fees that may be owed.

Here, because the determination on the charging lien is dependent upon resolution of matters before the Bankruptcy Court, the Court need not determine the propriety of the assertion of a charging lien now and, therefore, denies that part of Starr Counsel's Motion as moot.

7

## **CONCLUSION**

For the foregoing reasons, Starr Counsel's motion (ECF No. 110) is **GRANTED** in part to the extent that Starr Counsel is terminated as counsel of record for Plaintiff and **DENIED** without prejudice as to the assertion of a charging lien under Judiciary Law § 475.

Dated: Central Islip, New York
June 26, 2025

                                      **SO ORDERED**:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge